## AUSTIN v. RICHARDSON et al.
## (No. 842–4556.)

(Commission of Appeals of Texas, Section A.
Dec. 1, 1926.)

**Covenants ⚌51(2)—Owner under deed prohibiting "apartment house" or "business enterprise" on property may rent rooms and divide home by partition wall.**

Covenant in deed prohibiting use of property except for residence purposes, and providing that no apartment house or other business enterprise should be conducted thereon, *held* not to preclude owner from renting rooms, since this was not "business enterprise," or from erecting partition wall dividing house into two parts; "apartment house" being building where separate suites of rooms are occupied for residence purposes; occupants having exclusive control.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Apartment House; Business.]

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by H. W. Richardson and others against E. L. Austin and others. Decree for plaintiffs was affirmed by the Court of Civil Appeals (278 S. W. 513), and the defendant named brings error. Judgment of the Court of Civil Appeals reversed, and that of the district court reformed and affirmed.

Leonard Brown, Ben H. Kelly, and Emmett B. Cocke, all of San Antonio, for plaintiff in error.

W. B. Teagarden and Bruce W. Teagarden, both of San Antonio, for defendants in error.

BISHOP, J. Defendants in error by this suit seek to enjoin E. L. Austin, plaintiff in error, and H. Rabe and Samuel Dreyfus, from violating the terms of restrictions contained as covenants in a deed under which Rabe and Dreyfus owned, and Austin now owns, lot No. 5 and the west one-half of lot No. 6, now city block No. 1752, in the city of San Antonio, Bexar county, Tex. In the amended petition upon which the case was tried defendants in error alleged that Rabe, who was the owner of said land at the time this suit was filed, and had a two-story residence thereon, which he was occupying and using as a family residence, transformed his said residence into an apartment house by changing the interior and exterior thereof and dividing the house into two distinct apartments; that he rented one of the apartments in violation of the covenants contained in said deed, until January 23, 1923, when he sold and conveyed the property to Dreyfus; that Dreyfus continued to use and conduct said property as an apartment house with both apartments occupied by tenants, in violation of said restrictions until he sold and conveyed the property to plaintiff in error

Austin; and that Austin, "soon after purchasing said property, took charge of it, and has continuously conducted and used it as a rooming and boarding house and an apartment house, in violation of said covenants, and has failed and refused, and still fails and refuses, to respect said covenants." Prayer was for a perpetual injunction "from hereafter erecting or conducting an apartment house, a boarding house, a rooming house, or any other character of business, in said house or on said lot, and from using, leasing, or renting said lots or premises for any other purpose except as a residence for a single family, and from violating any other covenant" set out in said petition. The covenant and restriction contained in the deed and set out in said petition, which was alleged to have been violated, is:

"(1) That the said lot shall never be used for any purposes other than for residence purposes, and that no store, shop, saloon, bakery, apartment house, or other business enterprise shall be conducted or erected thereon."

The decree made and entered by the district court and affirmed by the Court of Civil Appeals (278 S. W. 513) is:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiffs E. W. Richardson and S. C. Applewhite have judgment against the defendants H. Rabe, Samuel Dreyfus, and E. L. Austin, and their heirs, assigns, legal representatives, agents, and tenants, perpetually enjoining them, and each of them, from hereafter using lot No. 5 and the west half of lot No. 6, in new city block No. 1752 in the city of San Antonio, Bexar county, Tex., ·the property in question in this suit, for an apartment house; boarding house, rooming or lodging house, or for a dwelling of any kind designed, intended, or used for the accommodation of more than a single family; and perpetually enjoining them, and each of them, from using the building now existing on said premises for any of the purposes above enumerated, or for any purpose except as a residence for a single family; and perpetually enjoining defendant E. L. Austin and his agents, assigns, and successors in title from taking, keeping, or accommodating on said lots and premises any boarders, lodgers, or roomers, and requiring him to discharge and turn off all roomers, lodgers, or tenants now permitted or accommodated by him on said premises, and requiring defendant E. L. Austin to remove the partition wall or obstruction on the first floor of the said building, which wall or obstruction was erected by H. Rabe as part of the work to change the house into two apartments, and which wall or obstruction extends from near the front door backward to a connection with a pre-existing partition, and which wall or obstruction incloses the staircase so as to prevent access to it from the interior of the lower story, and prevents access from the lower to the upper story from the inside of the building."

The restrictions in the covenant in the deed under which plaintff in error holds title does not require that the use of the property

for residence purposes be confined to a single family, excluding any person not a member thereof. It requires that the property be used for residence purposes only, and that no apartment house or business enterprise be conducted or erected thereon. "Apartment house" as used in this covenant means a building in which separate and distinct suites of rooms are occupied by one or more persons for residence purposes; the occupant or occupants of each such suite of rooms having exclusive management and control of and dominion over the rooms so occupied. Renting rooms in his dwelling house by Austin as shown by the record and recited in the opinion of the Court of Civil Appeals is not engaging in a business enterprise in contemplation of the restrictions contained in the covenant. Nor does the covenant prevent the owner from arranging the interior or exterior of his dwelling in any manner that he may choose. There is no restriction controlling the arrangement of partition walls in the construction of a building. There is no evidence showing that the property had been used for any purpose other than residence purposes, and the only evidence showing any attempt to use the property in violation of the restrictions contained in the covenant was that the dwelling had been used as an apartment house as above defined; plaintiffs in error insisting that such use was not within the restriction contained in the covenant.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court be so reformed as to permanently enjoin the plaintiff in error and other defendants in the district court from hereafter using the dwelling as an apartment house as same is herein defined.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court is reformed and affirmed, as recommended by the Commission of Appeals.