Gaylon George **WALBEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–81–0080–CR.

Court of Appeals of Texas, Tyler.

Sept. 16, 1982.

Sent to Court of Criminal Appeals Nov. 4, 1982—Refused.

Mandate Issued Jan. 24, 1983.

Donald W. Rogers, Jr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., George McCall Secrest, Jr., Michael Kuhn, Asst. Dist. Attys., Houston, for appellee.

RAMEY, Justice.

Appellant was convicted of intentionally and knowingly possessing marijuana in a usable quantity of more than four ounces, and by the court sentenced to not less than two years nor more than ten years in addition to a $5,000 fine.

The search warrant which led to the discovery of three and seven-eighths pounds of marijuana permitted a search of "a private residence, apartment, located in the Willow Creek Apartments at 7575 Plum Creek Drive, apartment number 5406 [in Houston, Harris County, Texas]." The evidence produced at trial was found in an enclosed, locked front patio on the first floor, outside of the front door of the apartment. The appellant had been absent from the apartment for the previous three to four days. In order for the police to conduct their search of the apartment, appellant had to use his key to unlock the gate to the patio leading to the apartment. Appellant filed a motion to suppress the warrant which was overruled by the trial court.

■ Appellant's first ground of error complains that the search of the patio area exceeded that authorized by the search warrant. The warrant authorized a search of the appellant's "apartment." It is claimed, therefore, that there was an illegal search and seizure of the evidence found in the patio area. Appellant has contended in his motion to suppress, at trial and on appeal, that since the warrant did not expressly authorize search of the patio, all contraband located there should have been suppressed. The word "patio" does not appear in either the affidavit supporting the warrant nor the warrant itself. We overrule appellant's first ground of error.

Appellant relies upon *Riojas v. State,* 530 S.W.2d 298 (Tex.Cr.App.1975) and *McTyre v. State,* 113 Tex.Cr.R. 31, 19 S.W.2d 49 (1929). In *Riojas,* police searched a shed fifty feet from the house. Though the shed was within the "curtilage" of the house, the search was held to be beyond the scope of the search warrant. However, the shed was leased to another person and appellant had abandoned his possessory interest in the structure. In *McTyre,* search of a pasture 125 feet from the house, a chicken house and an outhouse 75 feet away was conducted. The pasture, outside of the curtilage, was not protected and could not have been searched without a warrant. The outhouse, within the curtilage, was searched under the warrant describing the premises to include "outbuildings," but the search was illegal because the affidavit only specified "private residence." The outhouse, however, was not attached to the mansion, nor

was it necessary to the actual structure searched. The patio in the instant case was affixed to the apartment and necessary to the structure in that entrance could only be had through the patio area. Reliance on the *Riojas* and *McTyre* cases do not support appellant's ground of error.

No cases have been found which exclude a patio area such as we have here from the definition of "apartment" under our facts. "Apartment house" has been held to mean "a building in which separate and distinct suites of rooms are occupied by one or more persons for residence purposes; *the occupant or occupants of each suite of rooms having exclusive management and control of and dominion over the rooms so occupied.*" (Emphasis added.) *Austin v. Richardson,* 288 S.W. 180 (Tex.Comm'n App. 1926, opinion adopted). As compared to a rooming house, an apartment gives its occupant exclusive care, control and possession of the premises. Appellant herein exercised such control over the actual rooms and the enclosed, locked patio area abutting the front of the building. The patio is a part of the apartment in the physical sense.

█ The second ground of error alleges that there was insufficient evidence to support appellant's conviction. Appellant contends that the State failed to show that he had the exclusive care, custody and control of the patio, thereby linking him to the contraband found. *Payne v. State,* 480 S.W.2d 732 (Tex.Cr.App.1972).

Appellant relies upon *Damron v. State,* 570 S.W.2d 933 (Tex.Cr.App.1978) wherein a conviction was reversed because the premises were not in the appellant's exclusive control. In that case, the house searched was occupied by appellant's wife and child during the search, and had been visited by his brother-in-law two days prior to the search. Further, the evidence was located in a closet not shown to be that of the defendant. The facts in the instant case are distinguishable.

First, appellant was shown to be the only person renting the apartment through the introduction into evidence of a rental application, apartment inspection sheet, ledger sheets, lease, and thirty day notice of resi-

dent's intention to terminate tenancy. The appellant did not sublet the apartment or permit others to live there in violation of his lease. An inspection of the apartment at the time of the search failed to show that anyone else occupied the apartment, as was the case in *Damron.*

Appellant maintained a lock on the gate leading to the patio and had possession of its key. It was through this lock and key that the police gained entrance to the premises. The patio itself was enclosed by a high fence that could not be easily climbed, and other residents did not have access to the area. Although the testimony showed that other patio areas in the complex were being used by third parties, this was limited to abandoned or unlocked patios. The record does not reveal that other persons occupied the patio or apartment during appellant's absence three to four days prior to the day of the search.

Finally, the contraband was found in three grocery bags under appellant's motorcycle, which supports the view that it could not have just been "tossed" into the patio area.

Therefore we find that the evidence was sufficient to prove beyond a reasonable doubt that appellant was in exclusive possession, care and control of the apartment and patio area to support the jury's verdict.

For the reasons stated, the judgment is affirmed.