Roger Dale SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–915–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 18, 1988.

**164**

Jim Tatum, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

We withdraw our Opinion issued July 14, 1988, and substitute the following opinion.

Appellant was indicted for the felony offense of possession of between 28 and 200 grams of cocaine with intent to deliver.

After his motion to suppress evidence was denied, appellant pled guilty to the court, reserving his right to appeal the court's ruling on the motion to suppress. The trial court found appellant guilty and assessed punishment at six years incarceration, probated, and a $1,000.00 fine.

Appellant brings three points of error alleging the trial court erred in denying his motion to suppress evidence secured as a result of (1) an illegal detention contrary to Chapter 14 of the Texas Code of Criminal Procedure and Article I, § 9 of the Texas Constitution; (2) an illegal arrest contrary to Article I, § 9 of the Texas Constitution; and (3) an illegal arrest and search contrary to Article I, § 9 of the Texas Constitution. We reverse the judgment and remand the case to the trial court.

On June 21, 1986, at approximately 12:00 p.m., Houston Police Department officers Scott K. Boyce and Mark Stevens were patrolling the 7900 block of Lockwood in a marked patrol car. As the officers were driving past a small beer club called Johnny's Club, they saw appellant and another man standing next to appellant's car in the club parking lot. As the officers drove past the two men, Officer Boyce recognized one of the men as someone he had observed making some transactions in the past. A large sign prohibited loitering in the club parking lot.

The officers testified that they decided to return to the parking lot to determine what the men were doing. When they returned, the officers saw appellant exchange something with the other man. Appellant looked over his shoulder, saw the police officers, turned around and began walking towards the club. Simultaneously appellant took an item and began to stick it into his pocket. Officer Boyce surmised that a narcotics transaction had taken place and appellant was attempting to conceal the fruits of the transaction. For this reason the officers exited their patrol car and told the men to stop. At this time, appellant was standing next to the right front fender of his car. As appellant turned toward the police officers, Officer Boyce observed a twenty dollar bill hanging out of appellant's right front pants pocket. Officer Boyce removed the bill from appellant's pocket and found a five dollar bill inside the twenty dollar bill.

Officer Boyce then told appellant to turn around and place his hands on a nearby car so that he could check the area for contraband. As the officer was scanning the ground with his flashlight, he noticed a small tan envelope protruding from appellant's right rear pants pocket. The officer testified that he had seen this type of manila envelope before and it was only used for carrying drugs. Officer Boyce removed the envelope from appellant's pocket and opened it. The envelope contained a crushed white substance which appeared to be crushed rock cocaine. Appellant was handcuffed and placed under arrest.

Officer Boyce then took appellant's automobile keys from his pocket. Without a search warrant and without appellant's consent, the officer opened the unlocked car and began searching it. The officer then proceeded to unlock the automobile trunk and search the trunk compartment.

Inside the trunk area the officer found a wrinkled brown paper sack. Officer Boyce opened the paper sack and found approximately four ounces (112 grams) of cocaine in four separate clear plastic bags. No other narcotic paraphernalia or contraband was found in the car; however, a box labeled "Uzzi Pistol" was found on the passenger seat of the car. A uzzi pistol was found inside the marked box. After the officers completed their "inventory" of appellant's car, appellant's car was towed away.

In points of error one and two appellant asserts the trial court erred in denying his Motion to Suppress because the cocaine in the envelope found in appellant's pants pocket was secured as a result of an improper detention and illegal search and arrest. We agree.

It is well established that an officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Johnson v. State,* 658 S.W.2d 623 (Tex.Crim.App.1983). Circumstances short of probable cause for an arrest may justify temporary detention for the purpose of investigation since an investigation is considered to be a lesser intrusion upon the personal security of an individual. *Johnson v. State,* 658 S.W.2d at 626; *Leighton v. State,* 544 S.W.2d 394 (Tex.Crim.App. 1976). However, in order to justify the intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Detention based on a hunch is illegal. *Williams v. State,* 621 S.W.2d 609, 612 (Tex.Crim.App.1981). Moreover, the police officer must have a reasonable suspicion that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity and some indication that the activity is related to a crime. A detention is unlawful if the events are as consistent with innocent activity as with criminal activity. *Johnson v. State,* 658 S.W.2d at 626; *Shaffer v. State,* 562 S.W. 2d 853 (Tex.Crim.App.1978).

■ Unquestionably appellant was detained by the police officers while he was standing in the Johnny's Club parking lot. When the police officers returned to Johnny's parking lot they could only testify that they saw appellant exchange "something" with the other man. Neither officer could identify the item that was exchanged. After seeing the police officers, appellant began walking towards the club while simultaneously sticking "something" into his pocket.

Considering the totality of the surrounding circumstances, we find that the police officers did not possess sufficient articulable facts to warrant appellant's detention. The police officers acted improperly in detaining appellant because his actions were as consistent with innocent activity as criminal activity and there existed no specific articulable facts indicating appellant's activity was related to a crime.

■ We also determine that the police officers lacked the probable cause to search appellant. Probable cause for a search exists where the facts and circumstances within the knowledge of the officer on the scene and of which he has reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime. *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *Brown v. State,* 481 S.W.2d 106, 110 (Tex.Crim.App.1972). We hold that the facts and circumstances of this case are not such that a reasonable man would believe that appellant was committing a crime.

■ The state asserts that appellant's detention and search were proper under the "Terry Frisk" exception. We disagree. It is well recognized that a police officer may conduct a "Terry Frisk" of a suspect in order to assure himself that the suspect is not armed with a weapon that could be used against the police officer. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 1881, 20

L.Ed.2d 889 (1968). A police officer has the power to determine whether the person whose suspicious behavior he is investigating is in fact carrying a weapon when he believes that the suspect is armed and presently dangerous. *Terry v. Ohio*, 88 S.Ct. at 1881. However, neither officer made any assertion that they thought appellant might be carrying a weapon or that they were concerned for their safety. Therefore, appellant's initial detention and the subsequent search of his person does not fall within the exception created by the *Terry* "pat down" or "frisk."

■ Probable cause for an arrest exists where, at that moment, the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Absent the illegally obtained cocaine in the envelope we find that the officers lacked the probable cause to arrest appellant. Accordingly, we hold that appellant's arrest was improper and the cocaine found in the envelope is inadmissible against appellant. Points of error one and two are sustained.

In point of error three appellant argues that the warrantless inventory of appellant's automobile was unlawful under Article I, § 9 of the Texas Constitution. We agree. The cocaine found in appellant's automobile trunk formed the basis of the state's indictment, prosecution and conviction of appellant.

■ A search, following a lawful custodial arrest, has long been considered valid because of the need to remove any weapons that the arrestee might seek to use in order to resist arrest or effect his escape. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). However, this search may not stray beyond the area "within the immediate control" of the arrestee. This area has been construed to mean the area from within which an arrestee might gain possession of a weapon or destructible evidence. *Chimel v. Califor-*

*nia*, 395 U.S. at 762, 89 S.Ct. at 2039–40. However, when the arrestee has recently been an occupant of an automobile the area of immediate control is the passenger compartment of the automobile. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 453 U.S. 454, 69 L.Ed.2d 768 (1981).

In this case, the police officers never saw either appellant or his companion inside appellant's vehicle. Appellant was standing next to the right front fender of his automobile when the police officers exited their vehicle and told appellant to halt. Appellant was neither an "occupant" of the automobile nor a "recent occupant" within the context of *Belton*. *Gauldin v. State*, 683 S.W.2d 411, 414 (Tex.Crim.App.1984). Even if appellant's initial detention and arrest had been proper, the inventory search of appellant's automobile was wholly improper. The state did not sustain its burden of proof that articles inside the relatively narrow compass of the passenger compartment of the automobile were in fact ... within the area into which appellant might reach in order to grab a weapon or evidentiary item. *Gauldin v. State*, 683 S.W.2d at 414. Since the state failed to prove that the interior of appellant's automobile was within the area in which appellant might have reached for a weapon, we find that the inventory of the passenger area of appellant's automobile was unlawful. It then follows that if the police officers acted improperly in inventorying the passenger area of appellant's automobile, they certainly acted improperly in inventorying the trunk compartment of appellant's automobile.

The state cites *Gauldin v. State*, 683 S.W.2d 411 (Tex.Crim.App.1984), to support its argument that the inventory conducted on appellant's automobile was lawful. In *Gauldin*, police officers approached defendant inside a bar after they saw him driving a red pickup which had been the get away vehicle in a robbery occurring one hour earlier. The defendant told the officers he had no identification and upon questioning stated that he was driving a brown Ford LTD. The officers asked appellant to step outside so they could speak

with him further. Once outside, appellant admitted that he had driven the red Ford pickup. The officers then arrested defendant and searched his vehicle. The search revealed a small amount of cash. Appellant's truck was photographed and then towed to the police pound. The court of criminal appeals held that the police had the authority to impound defendant's vehicle because (1) appellant was under arrest (2) the truck was parked on a bar parking lot and (3) *it matched the description of the vehicle* used in the robbery. *Gauldin v. State*, 683 S.W.2d at 415. In *Gauldin* it is clear that a relationship existed between the defendant and his automobile, in that he had very recently occupied the vehicle and the vehicle matched the description of the get away car. An inventory search conducted pursuant to a lawful impoundment, does not violate the Fourth Amendment. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed. 2d 1000 (1976). Clearly in *Gauldin*, the officers were empowered to inventory appellant's car under these circumstances because there existed a lawful impoundment. *See; Daniels v. State*, 600 S.W.2d 813, 815 (Tex.Crim.App.1980). However, in the case before us there is no relationship between appellant's alleged illegal activity and his automobile sufficient to justify the warrantless search of his automobile.

 The state further contends that appellant's automobile and property would have been at risk if the automobile had remained in the parking lot and not been towed away. While this concern for appellant's property is laudable, we believe that the decision whether to leave appellant's car in the parking lot should have been made by appellant. Although appellant was under arrest, alternatives other than impoundment may have been available to ensure the protection of his vehicle and possessions. *Benavides v. State*, 600 S.W. 2d 809, 811 (Tex.Crim.App.1980). Furthermore, appellant's car was legally parked in a private parking lot and presented no danger to others using the public streets. *See; Benavides v. State*, 600 S.W.2d at 811. For all of these reasons, we hold that the warrantless search of the passenger area of appellant's automobile and the trunk compartment of appellant's automobile cannot be justified in any respect as an inventory search.

We conclude that the cocaine found in appellant's automobile trunk was obtained in violation of appellant's rights under Article I, § 9 of the Texas Constitution and the Fourth Amendment of the United States Constitution. Since the cocaine found in the automobile trunk was procured unlawfully it is inadmissible in this prosecution. We hold the trial court erred in denying appellant's Motion to Suppress. Point of error three is sustained.

The judgment of the trial court is reversed and remanded.