Samuel Joseph **ETTIPIO**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–89–00548–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 26, 1990.

Rehearing Denied Aug. 30, 1990.

Gary M. Polland, W. Troy McKinney, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was indicted for possession with intent to deliver a controlled substance, cocaine, weighing at least 400 grams. Appellant waived a jury and the court found him guilty and assessed punishment at twenty-two years confinement in the Texas Department of Criminal Justice and a fine of $2,500.00. In three points of error, appellant claims the court erred in denying his motion to suppress and claims the evidence is insufficient to support his conviction. We affirm.

In point of error one, appellant complains that the trial court erroneously admitted into evidence cocaine seized from his car. On August 23, 1988, an informant tipped Houston Police Officer Robert Romano that appellant and Mindy Greenfield were in apartment # 335 at 10940 Meadowglen with a quantity of cocaine. Romano and his partner, Officer McCaleb, drove to the apartment complex to obtain a description for a warrant. They returned to their offices and drafted the warrant. Before they presented the warrant to a magistrate, the informant called again and told Officer Romano that appellant would soon be leaving the apartment carrying cocaine in a brown paper sack. Romano and McCaleb returned to the complex and saw appellant place a brown paper sack in the trunk of his car and drive away. Romano radioed a patrol unit to stop appellant. Appellant was stopped and placed under arrest. Officer McCaleb then took appellant's car keys, opened the trunk, recovered the brown paper sack and opened it.

■ Appellant concedes the officers had probable cause to stop his vehicle and seize the sack. However, he complains that because the officer opened the sack without first obtaining a warrant, the sack should have been suppressed. Where probable cause to search for contraband is directed to a movable container within the car, the container may be seized but may not be searched without a search warrant. *Arkansas v. Sanders*, 442 U.S. 753, 766, 99 S.Ct. 2586, 2594, 61 L.Ed.2d 235 (1979). The state recognizes that Officer Romano had probable cause to seize the brown paper sack, but it contends he could search the sack because it fell within the "inevitable discovery" exception to the warrant requirement. *See Nix v. Williams*, 467 U.S. 431, 440, 104 S.Ct. 2501, 2507, 81 L.Ed.2d 377 (1984).

■ Texas courts recognize the inevitable discovery exception to the exclusionary rule. *Dickey v. State*, 716 S.W.2d 499, 505 (Tex.Crim.App.1986). The state contends that an inventory search of the vehicle following appellant's arrest would have led to the legal discovery of the cocaine and its eventual admissibility. An inventory search conducted pursuant to a *lawful impoundment,* does not violate the Fourth Amendment. *South Dakota v. Opperman,* 428 U.S. 364, 371, 96 S.Ct. 3092, 3098, 49 L.Ed.2d 1000 (1976) (emphasis added). Appellant contends there is no evidence that appellant's car could have been lawfully impounded, and therefore, an inventory search would have been improper. Appellant relies on this court's opinion of *Smith v. State,* 759 S.W.2d 163 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd). In *Smith,* we held an arrest, standing alone, is insufficient to justify impounding and performing an inventory search on the vehicle. However, in *Smith* there was no relationship between the defendant's alleged illegal activity and his automobile sufficient to justify the warrantless search of his vehicle. *Id.* at 167. Romano testified that appellant placed a paper sack in the trunk of his car and drove away and appellant concedes Romano had probable cause to believe the sack contained cocaine. Thus, unlike the facts in *Smith,* these facts establish a significant nexus between the alleged illegal activity and appellant's automobile. Accordingly, we find the vehicle could have been lawfully impounded and inventoried to prevent the removal of the cocaine and we find appellant's reliance on *Smith* misplaced. Because we find the vehicle could lawfully have been impounded and inventoried, we find the cocaine would inevitably have been discovered. We overrule point of error one.

■ In point of error two, appellant contends the trial court erred in overruling his motion to suppress the search of his apartment because the search warrant was based on an affidavit that contained knowingly or recklessly made false statements. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the court held:

> ... where a defendant makes a substantial preliminary showing that a false

statement knowingly and intentionally, or with reckless disregard for the truth, was included in a warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the fourth amendment requires that a hearing be held at the defendant's request. *Id.* at 155, 98 S.Ct. at 2676. Specifically, appellant contends that the officers obtained the warrant on information that there was a "quantity" of cocaine in the apartment. Appellant claims this information was misleading because "the officers had already seized the cocaine they believed to be in the apartment" when they seized the sack of cocaine from his trunk. Appellant's allegations do not constitute a "substantial preliminary showing" that the affidavit contained false statements made intentionally, knowingly, or with a substantial disregard for the truth. Thus, appellant has failed to satisfy the first prong of *Franks*. We overrule point of error two.

In point of error three, appellant contends the evidence is insufficient to support his conviction for possession of more than 400 grams of cocaine. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found, beyond a reasonable doubt, the essential elements of the offense. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Chambers v. State*, 711 S.W.2d 240, 245 (Tex.Crim.App.1986).

■ "Possession" means the "actual care, custody, control, or management" of the controlled substance. TEX.PENAL CODE ANN. § 1.07(a)(28) (Vernon 1974). When considering possession, the issue is whether the evidence adduced will support a reasonable inference that appellant knowingly possessed the contraband. *Patterson v. State*, 723 S.W.2d 308, 311 (Tex.App.—Austin 1987), *aff'd*, 769 S.W.2d 938 (Tex.Crim. App.1989). Possession need not be exclusive, and evidence that shows the accused jointly possessed the contraband is sufficient. *Martin v. State*, 753 S.W.2d 384,

387 (Tex.Crim.App.1988). Among the factors to be considered are (1) the quantity of drugs found, *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App.1981); (2) possession of a key to the locked location of the drugs, *Walbey v. State*, 644 S.W.2d 813, 815 (Tex.App.—Tyler 1983, pet. ref'd); (3) possession of an unusually large amount of cash, *Oaks v. State*, 642 S.W.2d 174, 178 (Tex.Crim.App.1982); (4) a corroborated tip by an informant that the accused is in possession of a controlled substance, *Acosta v. State*, 752 S.W.2d 706, 708 (Tex. App.—Corpus Christi 1988, pet. ref'd); and (5) drugs in plain view, *Jones v. State*, 632 S.W.2d 646, 647 (Tex.App.—El Paso 1982, pet. ref'd).

■ In this case, based on an informant's tip, the police recovered 101.7 grams of cocaine from appellant's car and 566.3 grams from the apartment (1.9 grams was found in plain view in the kitchen). Officer Romano testified that all of the cocaine confiscated was packaged alike, in envelopes marked with the weight of the contents. The police recovered the apartment key from appellant's key ring, and recovered the access card to the security gate of the complex from the visor of his car. Appellant was carrying more than 2000 dollars cash at the time of his arrest, and a beeper that was activated thirty to forty times following his arrest. Officer Romano testified that such beepers were frequently used in carrying out drug transactions.

Appellant contends this evidence raises only a suspicion of guilt, and claims the state has not rebutted the reasonable hypothesis that he was acting only as a courier. We disagree. We find any rational trier of fact could have found beyond a reasonable doubt that a courier would not possess an access card to the complex and a key to the apartment, where the cocaine was recovered. We find appellant's access to the contraband in the apartment, which matched the cocaine recovered from his car, is probative evidence of his guilt. Any rational trier of fact could have concluded a

dealer does not afford a courier with access to nearly five hundred grams of cocaine. Thus, we find appellant's possession of the access card and the apartment key, coupled with the large amount of cash, the beeper he carried and the identically packaged cocaine, is sufficient evidence to support a finding that he had "care, custody, control, *or* management" of the contraband in the apartment. Accordingly, we overrule point of error three.

We affirm the judgment of the trial court.

SEARS, Justice, dissenting.

I respectfully dissent. I find the evidence insufficient to link appellant with the contraband recovered in the apartment. The evidence adduced by the state shows:

(1) two other persons were present when the cocaine was seized from the apartment;

(2) appellant was not present at the time of the search and seizure;

(3) appellant was not shown to have owned, rented or leased the apartment;

(4) appellant was not shown to have resided in the apartment;

(5) there was no evidence appellant was ever in actual possession of the cocaine in the apartment;

(6) there is no evidence to show appellant had knowledge of the cocaine in the apartment;

(7) appellant had a key to the apartment and an access card to the complex;

(8) the cocaine in the apartment was packaged the same way as the cocaine found in the trunk of appellant's car.

The burden of proof is on the state to affirmatively link the accused to the contraband in such a way that raises the reasonable inference that the accused not only *knew* of the existence of the contraband, but also that he exercised *control* over it. *Dubry v. State,* 582 S.W.2d 841 (Tex.Crim. App.1979). The possession of the access card and the apartment key, together with the likeness of the packaging, might be circumstances tending to show opportunity and even knowledge; however, it is not sufficient to show possession or control. *See Waldon v. State,* 579 S.W.2d 499 (Tex. Crim.App.1979).

Also, the circumstances that affirmatively link appellant to the contraband at the apartment must also exclude all other reasonable hypotheses, beyond a reasonable doubt. Further, a finding of guilt is not a rational finding if the evidence also supports a reasonable inference other than appellant's guilt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983). The fact that the cocaine in appellant's car was packaged and marked in the same manner as the cocaine in the apartment causes one to reach the reasonable inference that appellant purchased his cocaine from that "batch" found in the apartment, or, that appellant was a courier who was dispatched to deliver and/or sell the contraband found in this car. I submit that these hypotheses are reasonable and were not excluded beyond a reasonable doubt by the state. Therefore, the state failed in its burden of proof. I would reverse the conviction.