Moser v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-071-CR




JUDAH T. MOSER,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 342,921, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING



 




 Appellant, Judah T. Moser, pleaded no contest to misdemeanor possession of
marihuana. Texas Controlled Substances Act, Tex. Health & Safety Code Ann. § 481.121 (West
1992). The court assessed punishment at 180 days' confinement and a $1000.00 fine, probated
for one year. On appeal, appellant contends the trial court erred in failing to grant appellant's
motion to suppress evidence. We will affirm.



FACTUAL BACKGROUND


 On the night of April 27, 1990, Texas Department of Public Safety troopers Rosalio
Zapata and Dewayne Goll responded to a call for assistance at the Texas Oaks Subdivision in
Travis County. Allegedly, about 100 juveniles were drinking at a party in the area. Officers and
deputies of the Travis County Sheriff's Department and the Alcoholic Beverage Commission also
responded. Before any of the officers reached the site of the party, they encountered a traffic
problem as the party was naturally dispersing. In order to direct traffic, the officers positioned themselves in the middle of the street. They proceeded to stop cars
if they saw violations of traffic laws or alcohol in open view.

 Trooper Zapata saw a white Ford Falcon with an inoperative taillight. Zapata
called to a nearby deputy to detain the Falcon for this traffic violation. Travis County sheriff's
deputy Jimmy Quick signalled the Falcon to stop. Appellant, the driver of the Falcon, complied. 
Appellant pulled his car to the side of the road, parking with one tire on the curb. When Zapata
reached the Falcon, appellant had already gotten out of the car. Zapata noticed that appellant had
red, glassy eyes and a moderate odor of alcohol on his breath. Officers saw three empty beer
containers in the driver's side area of the car. Appellant had another beer concealed in his jacket. 
Appellant's driver's license revealed that he was under the legal drinking age. Zapata then
administered several field sobriety tests. Concluding that appellant was intoxicated, Zapata placed
him under arrest. 

 Zapata's original intention was to park and lock appellant's car and leave it at the
scene. Consistent with this intention, Zapata began to inventory appellant's car. Before
completing the inventory, Zapata tried to park the car in a safe position. Unable to safely operate
the vehicle, Zapata decided to have it towed. While Zapata told appellant that the car would have
to be towed, Trooper Goll completed the inventory. Goll discovered a red gym bag in the back
seat of the car. Goll brought the bag to Zapata and appellant. Appellant told the troopers that the
bag was his. Goll opened the bag and discovered several Frisbees and a snuff can. Goll opened
the snuff can and found marihuana. Appellant was charged with possession of marihuana, in
addition to driving while intoxicated.

 At a pretrial hearing, appellant contended that the marihuana was discovered as the
result of an illegal inventory search and sought to have the evidence suppressed. The only basis
for upholding the search asserted by the State at this hearing was that it was a valid inventory
search. After hearing testimony from Zapata and Quick, the trial court denied the motion to
suppress. Appellant pleaded no contest to the marihuana possession charge. In two points of error, appellant renews his challenge that the search was illegal under the Fourth
Amendment of the U.S. Constitution and article I, section 9 of the Texas Constitution. (1)



INVENTORY SEARCH OR SEARCH INCIDENT TO ARREST


 On appeal, the State argues that the search of appellant's car can be upheld as either
a valid inventory search or a search incident to arrest. Appellant contends that since the State's
witnesses testified only in terms of an inventory search, it cannot shift to alternative grounds on
appeal. We disagree. "The State does not have the burden of listing or verbalizing in the trial
court every possible basis for holding a search legal or else waive that basis for urging on appeal
the validity of the search." Sullivan v. State, 564 S.W.2d 698, 704 (Tex. Crim. App. 1978) (on
rehearing); accord Lewis v. State, 664 S.W.2d 345, 347 (Tex. Crim. App. 1984). We conclude
that the State has not waived its right to argue that the search of appellant's car can be upheld as
a search incident to arrest. (2)

 Since at oral argument the State maintained that its strongest contention was that
this search was a valid search incident to arrest, we will address that argument first.



FOURTH AMENDMENT CHALLENGE


 The guiding principle of Fourth Amendment jurisprudence is that the police may
not conduct a search without first convincing a neutral magistrate that there is probable cause to
warrant the search. There are, however, situations that make exemptions from the warrant
requirement imperative. McDonald v. United States, 335 U.S. 451, 456 (1948). The Supreme
Court has specifically held that a lawful custodial arrest creates a situation that justifies the
contemporaneous search, without a warrant, of the person and immediately surrounding area. 
Chimel v. California, 395 U.S. 752, 763 (1969). These searches are considered valid to remove
weapons and prevent the concealment or destruction of evidence. Id.

 In New York v. Belton, 453 U.S. 454 (1981), the Court refined the Chimel rule
when the search incident to arrest involves an occupant of an automobile. Reciting the need for
a bright-line rule, the Court held that "when a policeman has made a lawful custodial arrest of the
occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the
passenger compartment of that automobile." Id. at 460 (footnotes omitted). The Court further
announced that this lawful search includes all containers, open or closed, within the passenger
area. Id. at 460-61. This authority to search exists even if the container could hold neither a
weapon nor evidence of the criminal conduct for which the suspect was arrested. Id. at 461.

 Under the Belton rule, the search of appellant's car did not violate the Fourth
Amendment. Appellant was placed under arrest after probable cause was established that he was
driving while intoxicated. This custodial arrest empowered the troopers to conduct a search of
the passenger compartment of his car. This lawful search extended to the gym bag in the rear seat
and the closed snuff can. Since the marihuana concealed in the snuff can was the result of a valid
search incident to arrest, the trial court did not err by denying appellant's motion to suppress the
evidence.

 Appellant contends that even if this was a valid search incident to arrest, the State
failed to meet its burden of proof because the officer who completed the search, Trooper Goll,
failed to testify at the pretrial hearing. Appellant cites footnotes in United States v. Ortega-Serrano, 788 F.2d 299, 301 n.1 (5th Cir. 1986), and United States v. Salmon, 944 F.2d 1106,
1121 n.8 (3d Cir. 1991), as authority for the proposition that the officer who actually conducts
the search must testify. Appellant's reliance on these cases is misplaced. Ortega-Serrano
involves the question of whether an Immigration and Naturalization Service officer has reasonable
suspicion to stop a vehicle containing illegal aliens. Under the doctrine of United States v.
Brignoni-Ponce, 422 U.S. 873 (1975), a vehicle cannot be stopped and searched for illegal aliens
unless agents who make the stop can identify specific articulable facts that reasonably warrant
suspicion that the vehicle contains illegal aliens. The relevant footnote in Salmon involves the
"plain view" exception to the warrant requirement. This exception requires the arresting officer
to testify that objects found through a warrantless search were, in fact, in plain view. Salmon,
944 F.2d at 1121 n.8. In both of these situations, requiring testimony from the officer who
initiated the search is justified because the validity of the warrantless search depends upon the
initiating officer's identifying why the search was conducted in the first place.

 This is not the case with a search incident to arrest. The search is valid simply
because the suspect is placed under custodial arrest. Its validity does not depend on additional
factors that need to be separately articulated to the trial court. Consequently, the testimony of
Trooper Goll was not essential to establish the validity of the search incident to appellant's arrest. (3)



ARTICLE I, SECTION 9 CHALLENGE


 In addition to the Fourth Amendment challenge, appellant also argues that the
search violated article I, section 9 of the Texas Constitution. We are mindful that under Heitman
v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991), conformity with Fourth Amendment protection
does not necessarily imply validity under article I, section 9. An independent analysis of the state
claim is required. Id. at 682. In this case, appellant relies on four cases in arguing that the State
failed to meet its burden of proof on the validity of the search incident to arrest. Three of these
cases, Gauldin v. State, 683 S.W.2d 411 (Tex. Crim. App. 1984), Branch v. State, 599 S.W.2d
324 (Tex. Crim. App. 1980) (on rehearing), and Rains v. State, 604 S.W.2d 118 (Tex. Crim.
App. 1980), involved only federal constitutional challenges under the Fourth Amendment. They
are not authority related to protection under article I, section 9. 

 The only case relied on by appellant that involved an article I, section 9 challenge
is Smith v. State, 759 S.W.2d 163 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). Smith
contains language indicating the State must show that articles were within reach of a defendant
to be a valid search incident to arrest. Id. at 166. However, Smith is easily distinguishable on
the facts. The defendant in Smith was seen conducting a drug transaction in a parking lot near a
car. Id. The court itself distinguished this situation from that in Belton, noting that the arrestee
was neither an occupant nor recent occupant of a car. Id. Smith does not stand for the general
proposition that, where an arrestee was an occupant or recent occupant of a car, the State must
prove that articles found in the passenger compartment during a search incident to arrest must
actually have been within the reach of the arrestee to be consistent with article I, section 9.

 We conclude that the search of appellant's car is valid under article I, section 9. 
Appellant was stopped for a traffic violation. After observing appellant's bloodshot eyes, smelling
alcohol on his breath, and seeing empty beer containers in the car, Trooper Zapata had a
reasonable suspicion that appellant was driving while intoxicated. Appellant's poor performance
on the field sobriety tests confirmed Zapata's suspicion. After placing appellant under arrest, the
officers were entitled to conduct a search incident to arrest of the passenger compartment of the
car. A search incident to arrest under these circumstances does not run afoul of article I, section
9. See Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986) (upholding search incident
to arrest that uncovered handgun concealed in paper bag beneath car seat); Campbell v. State, 644
S.W.2d 154, 161 (Tex. App.--Austin 1982) (upholding search incident to arrest of passenger
compartment of van including closed briefcase containing evidence of recent robbery), pet. ref'd,
647 S.W.2d 660 (Tex. Crim. App. 1983). We overrule that portion of appellant's points of error
challenging the validity of the search.

 Having concluded that the search of appellant's car was a valid search incident to
arrest under both the Fourth Amendment and article I, section 9, we do not address the inventory
search issue. In addition, we overrule that portion of appellant's points of error complaining of
violations of his rights guaranteed by the Fourteenth Amendment to the U. S. Constitution and
article I, sections 13 and 19 of the Texas Constitution.

 We affirm the judgment of conviction.


 

 J. Woodfin Jones, Justice

[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: May 19, 1993

[Do Not Publish]
1. Appellant also asserts, obliquely, that his rights under the Fourteenth Amendment to the
U.S. Constitution and article I, section 13 and 19 of the Texas Constitution are implicated in
this case. We will address these arguments where appropriate in the context of our discussion.
2. Appellant also asserts that allowing the State to argue for the first time on appeal that the
search was a valid search incident to arrest constitutes, itself, a violation of his due process
and due course of law rights as guaranteed by the Fourteenth Amendment to the U. S.
Constitution and article I, sections 13 and 19 of the Texas Constitution. In light of our
foregoing discussion, we reject this argument.
3. Appellant also asserts that Officer Goll's failure to testify infringes his right to
confrontation and cross-examination as guaranteed by the Sixth and Fourteenth Amendments to
the U. S. Constitution and article I, sections 10, 13, and 19 of the Texas Constitution. In light
of our foregoing discussion, we reject this argument.