# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-02-00348-CR

**Benny Earl Green, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
NO. 20,329-CR, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The district court sentenced appellant Benny Earl Green to imprisonment for thirty years after a jury convicted him of possessing more than four grams of cocaine with intent to deliver. Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2003). In this appeal, Green contends the court erroneously overruled his motion to suppress evidence and limited his right to cross-examine a State witness for bias. We will overrule these contentions and affirm.

Milam County Deputy Sheriff Johnnie Beathard testified at the suppression hearing that on the afternoon in question, he and Deputy Reese Lockett received a radioed report that a warrant had been issued for Green's arrest. The officers were familiar with Green and, soon after receiving the report, they saw a car Beathard recognized as one Green often drove. They followed this car and stopped behind it at a grocery store. When Green stepped out of the car, Beathard called out to him. Green began to run. The officers captured and arrested Green after a two-block chase.

After securing Green, the officers searched the car and found cocaine and marihuana in the glove compartment.

Green contends the search of the automobile violated his Fourth Amendment rights. U.S. Const. amend. IV. He acknowledges that after making a lawful custodial arrest of the occupant or recent occupant of an automobile, a police officer may search the passenger compartment of the automobile as an incident of the arrest. *New York v. Belton*, 453 U.S. 454, 460 (1981). He also concedes that his arrest was lawful. He urges, however, that he was not a recent occupant of the car within the meaning of *Belton*. He also argues that some relationship between the suspected unlawful activity and the vehicle must exist before the search is justified, citing *Smith v. State*, 759 S.W.2d 163, 167 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). These are questions of law that we review de novo. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

Green's reliance on *Smith* is misplaced. In that case, the defendant was not shown to have been an occupant of the searched automobile, and thus *Belton* did not apply. *Id*. at 166. The cited language is taken from a discussion of an alternative justification for the search advanced by the State. *Id*. at 167.

But for his flight, Green would have been arrested immediately after he stepped from his car. As it was, appellant was arrested within two blocks of the car after what appears to have been a brief chase. The search followed immediately. On these facts, Green was shown to have been a recent occupant of the automobile. The search of the car was lawful under *Belton* and the district court did not err by overruling the motion to suppress. Point of error one is overruled.

The automobile in which the cocaine was found was registered in the name of Shannon Strelsky, Green's girlfriend. She testified that she, Green, and Green's mother had paid for

2

the car and shared its use.  She said that she had not used the car the day of Green's arrest and that she had no knowledge of the drugs found in the glove compartment.  In his second point of error, Green contends the court erred by refusing to allow him to introduce evidence that Strelsky had been convicted less than one month earlier of possessing less than one gram of cocaine.  He argues that this evidence was admissible to show the witness's bias or motive for testifying as she did.[1]

As part of the constitutional confrontation right, a defendant must be given great latitude to show any fact that would tend to establish ill feeling, bias, or motive on the part of a witness testifying against him.  *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986); *Hurd v. State*, 725 S.W.2d 249, 252 (Tex. Crim. App. 1987).  The rules of evidence also recognize the right to impeach a witness by proof of circumstances or statements showing bias or interest.  Tex. R. Evid. 613(b).  A pending criminal charge is an appropriate area of cross-examination for the purpose of testing a witness for possible bias or motive to falsify testimony.  *Carroll v. State*, 916 S.W.2d 494, 499 (Tex. Crim. App. 1996).  The refusal to allow a defendant to show that a government witness was on probation has been held to violate the confrontation right.  *Davis v. Alaska*, 415 U.S. 308, 318-19 (1974); *Maxwell v. State*, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001); *Spain v. State*, 585 S.W.2d 705, 710 (Tex. Crim. App. 1979).

The record shows that Strelsky was placed on five years' probation following her conviction.  Under the authorities cited above, that fact was admissible to show a possible motive for her testifying on behalf of the State.  Green, however, did not indicate an interest in proving that Strelsky, as a probationer, was susceptible to pressure from the prosecutors.  Instead, he indicated

---

[1] The conviction was not final and was therefore not admissible pursuant to rule 609.  Tex. R. Evid. 609.

3

that it was the bare fact of her conviction that he wished to show. Asked by the court to explain his theory of admissibility, defense counsel stated, "She very well could have been the one [who put the cocaine in the car], since she had access . . . and I think having been convicted of possession would further that theory and she could be diverting attention from herself through her testimony. . . . Also, Your Honor, to further our theory that someone besides Benny Green put those drugs in that car on February 8th."

Evidence of other crimes is not admissible to prove the character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). To the extent that Green offered evidence of Strelsky's conviction for the purpose of suggesting that she, not Green, was responsible for the cocaine found in the car, the court properly disallowed the evidence.

If there was a Sixth Amendment violation, it is subject to harmless error analysis. *Van Arsdall*, 475 U.S. at 684; Tex. R. App. P. 44.2(a). The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, it may nevertheless be said that the error was harmless beyond a reasonable doubt. *Van Arsdall*, 475 U.S. at 684. In making this determination, we may consider such factors as the importance of the witness's testimony to the prosecution's case, whether the witness's testimony was cumulative, the presence or absence of evidence corroborating or contradicting the witness, the extent of cross-examination otherwise permitted, and the overall strength of the prosecution's case. *Id*.

Strelsky appears to have been called by the State to establish Green's ownership interest in the car, a fact of relatively small importance given the undisputed fact that he was the sole occupant of the car at the time the cocaine was found. Otherwise, Strelsky's testimony describing how she, Green, and Green's mother each regularly used the car tended to support the defensive

4

theory that the cocaine found in the car belonged to someone else.  During cross-examination, Strelsky testified that she had driven the car on the day before Green's arrest.  She also described being "terrified" when she was questioned by the police and admitted that she would "probably not" admit that the cocaine found in the car was hers.  Applying the *Van Arsdall* test, we conclude that any error in the exclusion of evidence that Strelsky was on probation at the time she testified was harmless beyond a reasonable doubt.  Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:   July 11, 2003

Do Not Publish