Opinion issued March 18, 2004





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00067-CR




DARRIN KEITH BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 337th District Court
Harris County, Texas
Trial Court Cause No. 897761




MEMORANDUM OPINION

          A jury found appellant Darrin Keith Brown guilty of possession of between
four and 20 grams cocaine, and assessed punishment at 33 years’ confinement. We
affirm. 
 
Facts
          On December 27, 2001, Sergeant Richard Klotz and Officer Stanley Shuman
drove to the Taft Motel, a location known for narcotics transactions. Sergeant Klotz
observed a woman standing by the driver’s side of a car talking to Brown, who was
seated inside the car. Based on his specialized narcotics investigations training and
his 33 years of police experience, Officer Klotz formed the opinion that a drug or
prostitution transaction was taking place. He approached the car, and the woman
moved away.
          Officer Klotz then observed Brown holding a yellow-orange prescription bottle
in his hand. He recognized it as a type commonly used in the drug trade to store and
conceal cocaine. Upon seeing Klotz, Brown dove over the back seat of the car to the
floorboard. Fearing that Brown might be reaching for a gun, Officer Klotz drew his
weapon and ordered Brown to exit the car. Brown complied, but then turned and fled
on foot. Other officers on the scene apprehended Brown. 
          Officer Shuman retrieved the prescription bottle from the floorboard of the
backseat. He also seized a plastic twist bag containing cocaine.
Motion to Suppress
          In his sole issue, Brown contends that the trial court erred in denying his
motion to suppress evidence of the cocaine because the police retrieved it pursuant
to an unlawful search of a vehicle. 
          An exception to the Fourth Amendment prohibition against warrantless
searches is a search incident to a lawful arrest. New York v. Belton, 453 U.S. 454,
460, 101 S. Ct. 2860, 2864 (1981). By fleeing the scene and evading detention,
Brown committed a criminal offense in Klotz’s presence. See Simpson v. State, 668
S.W.2d 915, 918 (Tex. App.—Houston [1st Dist.] 1984, no pet.). Officer Shuman’s
contemporaneous search of the vehicle was incident to a lawful custodial arrest and
thus constituted a proper search. The police may search a vehicle and containers
within it when the search is incident to a lawful arrest. See Belton, 453 U.S. at 460,
101 S. Ct. at 2864; Carver v. State, 746 S.W.2d 869, 871 (Tex. App.—Houston [14th
Dist.] 1988, pet. ref’d). The trial court therefore properly denied the motion to
suppress. 
          Brown relies on Smith v. State, 759 S.W.2d 163 (Tex. App.—Houston [14th
Dist.] 1988, pet. ref’d) to support his contention that the search was invalid. In Smith,
however, the court held that an inventory search of a vehicle in connection with its
impoundment was improper as it took place after an unlawful detention and search. 
Id. at 167. Here, the police searched the vehicle in connection with a lawful arrest. 
Brown’s reliance upon Smith is therefore misplaced. 
 
 
 
Conclusion
          The trial court properly denied the motion to suppress, and we therefore affirm
the judgment.
 
 
                                                             Jane Bland
                                                             Justice


Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).