# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00025-CR

**Frankie Robinson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
## NO. 2020153, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Frankie Robinson pleaded guilty to possessing more than four grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2003). The court adjudged appellant guilty and, as previously agreed, sentenced him to twenty-one years in prison. In his only point of error, appellant urges that his pretrial motion to suppress evidence should have been granted.[1] We will overrule this contention and affirm the judgment.

When we review a trial court's ruling on a motion to suppress evidence, we defer to the court's factual determinations but review de novo the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We will sustain the trial court's ruling

---

[1] The motion was heard and overruled by the Honorable Frank W. Bryan, Jr.

admitting evidence if the ruling is reasonably supported by the record and correct on any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

On the night in question, Officers Blake Johnson, Jason Acevedo, and Cliff Jaeger were working in the five and six hundred blocks of East Sixth Street in Austin, an area known to the police for drug-dealing. Jaeger was stationed on the roof of a building from which he could see the sidewalk below. Jaeger was in radio contact with Johnson and Acevedo, who were parked nearby in an unmarked car. At about midnight, Jaeger saw appellant enter the area on foot. Appellant was a Sixth Street "regular" and well-known to all three officers. In fact, the officers testified that they had almost daily contact with appellant. Both Johnson and Jaeger had arrested appellant previously, but not for drug offenses. All three officers described appellant as a "known and documented" drug-dealer. Asked what this meant, Johnson explained, "I mean knowing the people he is involved with, so forth, so on and what is going on, you know. Plus past—the ability to look up past documentation from involvement with other officers and dealings with him in the past for narcotics offenses."[2]

Upon his arrival, appellant was immediately surrounded by a group of about ten people. Two or three of these people stationed themselves around appellant and looked about furtively, leading Jaeger to believe that they were acting as lookouts. The others made hand-to-hand exchanges with appellant. Jaeger testified that appellant would reach into the back pocket of his pants, or perhaps under the pants in his buttocks area, retrieve an object, and hand it to one of the persons standing around him. Jaeger could not see what appellant was handing to the others.

---

[2] The indictment in this cause alleged that appellant had two previous Travis County convictions for possession of cocaine.

2

Johnson testified that drug dealers were known to keep their contraband inside their pants, often around the buttocks area, to avoid detection. Jaeger testified that based on his prior experience, he believed the exchanges he observed were drug transactions.

On Jaeger's signal, Johnson and Acevedo drove to where appellant was standing. They immediately ordered appellant to place his hands on his head. Appellant, who Johnson described as typically "cool, calm, collected" when dealing with the police, appeared to be nervous and repeatedly attempted to reach toward his right buttocks. Acevedo searched appellant's person and found five rocks of crack cocaine inside his pants in "his butt cheek area."

It was agreed below that appellant was under arrest when the search took place. Police officers may arrest a person without a warrant if they have probable cause to believe that he has committed or is committing an offense in their presence or within their view. Tex. Code Crim. Proc. Ann. art. 14.01 (West 2005). Appellant contends that the officers here did not have probable cause to believe that he was engaged in criminal activity, and therefore his arrest and the search incident thereto were unlawful.

An officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in the belief that the suspect has committed or is committing an offense. *Beck v. Ohio*, 379 U.S. 89, 96 (1964); *Britton v. State*, 578 S.W.2d 685, 689 (Tex. Crim. App. 1979) (op. on reh'g). Probable cause requires more than mere suspicion, but it requires far less evidence than is needed to support a conviction or even to support a finding by a preponderance of the evidence.

3

*Guzman*, 955 S.W.2d at 87. Whether probable cause existed is determined by examining the totality of the facts and circumstances. *Id*.

Appellant is correct to assert that neither his reputation, his prior criminal record, nor his presence in a high-crime neighborhood gave the officers probable cause to arrest him. *See Hernandez v. State*, 523 S.W.2d 410, 412 (Tex. Crim. App. 1975). It is also true that the mere observation of a hand-to-hand transaction involving some unknown object has been held insufficient to give an officer probable cause to believe that a crime has been committed. *Smith v. State*, 759 S.W.2d 163, 164 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). And it is not indicative of guilt for a person to be nervous or to look around at his surroundings. *Montaro v. State*, 843 S.W.2d 579, 582 (Tex. Crim. App. 1992). But in determining whether probable cause was present, we do not examine each fact and circumstance independently. Rather, we must determine whether the facts and circumstances taken as a whole were sufficient to give the officers probable cause to arrest appellant. *Guzman*, 955 S.W.2d at 87. We hold that they were in this case.

Appellant, a person with both a reputation and a record for drug offenses, was observed by an experienced police officer in an area notorious for drug-dealing. As the officer watched, appellant took objects from inside his pants (where the officer knew contraband was often hidden) and handed them to persons who had quickly gathered around him. As appellant engaged in these transactions, other persons standing near him appeared to be keeping a lookout. The officer recognized such conduct as indicative of drug-dealing. When approached by police officers, appellant was not his typical calm self, but appeared unusually nervous and made furtive gestures toward his waist. The totality of these facts and circumstances reasonably warranted the officers in

4

their belief that appellant was then engaged in criminal narcotics activity. The trial court properly concluded that appellant's warrantless arrest and search were lawful.

The point of error is overruled and the judgment of conviction is affirmed.


_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Waldrop

Affirmed

Filed:   September 7, 2006

Do Not Publish