**Etta Beatrice BROWN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–89–595–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 26, 1990.

Rehearing Denied May 24, 1990.

Maggie McBride, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Etta Beatrice Brown appeals her conviction of possession of less than twenty-eight grams of cocaine, a controlled substance. Following a bench trial, the trial court assessed a five year suspended sentence and

a five hundred dollar fine. Appellant brings two points of error challenging the trial court's denial of her motion to suppress evidence obtained during an illegal detention and her motion to quash the indictment. Because we agree that the evidence was seized subsequent to an illegal detention, we reverse.

Appellant was arrested for possession of cocaine by Officer Hayes, who on the night in question was assigned with another officer to the unmarked Uniformed Narcotics Car. At approximately 1:00 a.m., the two officers drove to an apartment complex and noticed two individuals on or near an outside staircase. Officer Hayes testified that the person sitting on the stairway appeared to have something in her hands which she then placed under herself. Officer Hayes approached appellant and asked her to stand up. When she did so, Hayes observed five ziplock bags containing a white substance he believed to be cocaine, and a cocaine pipe. The officers arrested appellant and seized the bags and pipe.

■ In point of error one, appellant contends the trial court erred in denying her motion to suppress on the ground that the evidence was seized subsequent to an illegal detention. Every encounter between an individual and a police officer does not constitute a seizure implicating the Fourth Amendment, *Florida v. Royer*, 460 U.S. 491, 497–98, 103 S.Ct. 1319, 1323–24, 75 L.Ed.2d 229 (1983), but if the officer detains the individual, even briefly, and restrains the individual from walking away, a seizure has occurred. *Terry v. Ohio*, 392 U.S. 1, 16, 88 S.Ct. 1868, 1877, 20 L.Ed.2d 889 (1968); *Molina v. State*, 754 S.W.2d 468, 472 (Tex.App.—San Antonio 1988, no pet.). The test for determining whether a seizure has occurred is whether "in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." *Michigan v. Chesternut*, 486 U.S. 567, 108 S.Ct. 1975, 1979, 100 L.Ed.2d 565 (1988); *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980).

■ A brief stop, or a temporary detention, of an individual may be justified by circumstances short of probable cause if the police officer had reasonable suspicion based on specific articulable facts. *See Johnson v. State*, 658 S.W.2d 623, 626 (Tex. Crim.App.1983); *Smith v. State*, 759 S.W.2d 163, 165 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Molina*, 754 S.W.2d at 473. Rather than stopping an individual based on a "hunch," the officer "must have a reasonable suspicion that some activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity and some indication that the activity is related to a crime." *Smith*, 759 S.W.2d at 165. Furthermore, an officer may not detain an individual if the observed "events are as consistent with innocent activity as with criminal activity." *Id.* Thus, we must determine whether a detention implicating the Fourth Amendment occurred, and the facts upon which the officers' based their suspicion and their subsequent contact with appellant.

■ The State claims that no detention occurred because there was no show of force or authority, as required by *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). In *Mendenhall*, the Court set out examples of circumstances tending to show a seizure, such as "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id.* The Court found no seizure of Mendenhall because the action occurred in a public airport concourse, the officers did not wear uniforms and displayed no weapons, the officers approached the individual and identified themselves as officers, and the officers asked, but did not demand, to see identification. *Id.*

In the case at bar, the officers approached in an unmarked vehicle, but they were wearing uniforms and, presumably, weapons. The area was dark and Officer Hayes testified that he was unable to see what appellant placed under herself. Unlike the encounter in the airport in *Menden-*

*hall,* the only persons in the area were appellant and one other individual. Rather than requesting identification, as in *Mendenhall,* or asking appellant what she was doing, the officer told her to stand up. Appellant testified that, when the officer asked her to stand up, she did not believe she was free to leave:

Q. When the police officer told you to stand up did you feel—at the time that he approached you did you feel free to walk off and leave?

A. No, ma'am.

Q. Why did you stand up when he told you to stand up?

A. Because in our part of town they be beating up on you if you don't do as they say.

■ Although the determination whether appellant reasonably believed she was not free to leave or that she had to comply with the officer's demand is an objective one, it is to be applied from the appellant's point of view. *Daniels v. State,* 718 S.W.2d 702, 706 (Tex.Crim.App. *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986)), (overruled on other grounds by *Juarez v. State,* 758 S.W.2d 772, 780 n. 3 (1988)). We doubt that a reasonable person would have felt free to leave or free to disobey the officer's request where, as here, two uniformed officers approached appellant in a dark and fairly deserted area and told her to stand. Thus, we find that a temporary detention occurred implicating the protection of the Fourth Amendment.

■ Having found a temporary detention, we must now determine whether the officers had "specific articulable facts" justifying the stop. Appellant primarily relies on *Smith v. State,* 759 S.W.2d 163 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) as support for her claim that the detention was unjustified. In *Smith,* police officers were patrolling in a marked police car when they passed a beer club. *Id.* at 164. The officers saw two men in the parking lot, one of whom the officers recognized from observation of prior transactions. *Id.* The officers *returned* to the lot and observed an exchange between Smith and

another man, after which Smith put something in his pocket. *Id.* at 164. The officers ordered Smith to stop. *Id.* One officer removed a twenty dollar bill that was protruding from Smith's pocket. *Id.* When the officer told Smith to place his hands on a nearby car, the officer observed and removed an envelope, later determined to contain cocaine, protruding from Smith's rear pants pocket. *Id.* The *Smith* court found that the stop was a detention unjustified by "specific articulable facts" indicating that Smith's action, in exchanging something with another man, was related to a crime. *Id.* at 165.

In the instant case, Officer Hayes testified that they approached appellant's location in an unmarked police car and saw appellant place something under herself. The record does not reflect that the officers had any other basis for suspicion. In our opinion, appellant's act of placing something under herself was "as consistent with innocent activity as with criminal activity." *See Smith,* 759 S.W.2d at 165. Additionally, the officers observed appellant's movement as they drove up in an unmarked police car. Thus, we cannot conclude that appellant was reacting to the approach of the police. Furthermore, furtive movements or gestures are less indicative of "guilty mens rea" where the police approach in an unmarked vehicle. *See Daniels,* 718 S.W.2d at 705 (citing *Faulk v. State,* 574 S.W.2d 764, 766 (Tex.Crim.App. 1978). Based on our review of the circumstances involved in the instant case, we find that the police officers did not possess specific articulable facts justifying the temporary detention of appellant, *see Terry,* 392 U.S. at 21, 88 S.Ct. at 1879, and therefore, the cocaine seized during that detention is inadmissible. *See Johnson,* 658 S.W.2d at 627; *Smith,* 759 S.W.2d at 166.

■ The State argues that the cocaine was in plain view when appellant stood up and thus, the seizure was lawful. We disagree. Absent the detention during which appellant stood up, the evidence would not have been in plain view. Thus, we sustain appellant's first point of error and hold that the trial court should have granted

appellant's motion to suppress. Having sustained point one, we do not address appellant's second point of error.

We reverse the judgment and order the trial court to enter a judgment of acquittal.