IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00150-CR

No. 10-06-00151-CR

 

Jonathan Dale Crager,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court at Law No.
1

Angelina County, Texas

Trial Court Nos. 06-0030 and
06-0031

 



MEMORANDUM  Opinion



 








After the trial court denied Jonathan Crager’s
motion to suppress, Crager pled guilty to driving while intoxicated and driving
with a suspended license.  The trial court permitted Crager to appeal the
denial of the motion to suppress.  We will affirm.

            Crager’s briefs in each case raise the
same two issues:  the warrantless stop violated (1) the Texas Constitution
(Art. 1, § 9)[1] and (2)
Chapter 14 of the Texas Code of Criminal Procedure.[2] 
The issue is whether the trial court erred in denying Crager’s motion to
suppress on the ground that the officer lacked reasonable suspicion to stop
Crager.[3]

          We
have previously articulated the bifurcated standard of review of a trial
court’s denial of a motion to suppress:

A trial court’s denial of a motion to suppress is
reviewed for abuse of discretion.  Oles v. State, 993 S.W.2d 103, 106
(Tex. Crim. App. 1999).  There is an abuse of discretion “when the trial
judge’s decision was so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.”  Cantu v. State, 842 S.W.2d 667, 682
(Tex. Crim. App. 1992); Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g).

 

The trial court’s findings of fact are given
“almost total deference,” and in the absence of explicit findings, the
appellate court assumes the trial court made whatever appropriate implicit
findings that are supported by the record.  Carmouche v. State, 10
S.W.3d 323, 327-28 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 89-90 (Tex. Crim. App. 1997).  However, the application of the
relevant law to the facts, including Fourth Amendment search and seizure law,
is reviewed de novo.  Carmouche, 10 S.W.3d at 327. Also,
when the facts are undisputed and we are presented with a pure question of law,
de novo review is proper.  Oles, 993 S.W.2d at 106.  Thus,
for example, when the issue to be determined on appeal is whether an officer
had probable cause, “the trial judge is not in an appreciably better position
than the reviewing court to make that determination.”  Guzman, 955
S.W.2d at 87.  Therefore, although due weight should be given to the
inferences drawn by trial judges and law enforcement officers, determinations
of matters such as reasonable suspicion and probable cause should be reviewed
de novo on appeal.  Id.  (citing Ornelas v. United States, 517
U.S. 690, 699, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

 

Davis v. State, 74 S.W.3d 90, 94-95 (Tex. App.—Waco 2002, no pet.).

 

Constable Tom Selman was patrolling Highway 94 in Angelina County in the early morning hours of January 1, 2006.  Around 3:00 a.m., he
observed a car “drive up and over the curb” as it attempted to turn right into
an apartment complex.  Because the driveway was wide and there were no other
vehicles in the area, Selman observed no apparent reason for the car to run
over the curb, which Selman described as “very pronounced” and significant to
draw his attention.  Immediately after turning into the complex, the car, again
without apparent reason to Selman, accelerated rapidly through two tight,
ninety-degree turns in the complex.  Based on his experience and training,
Selman (who had over ten years’ experience in law enforcement and had arrested
or dealt with hundreds of intoxicated drivers and persons), considered the
driving to be erratic and suspected that, under all the circumstances, the
driver was intoxicated.  He followed the car into the complex to where it was
parked, identified Crager as the driver, and subsequently determined that
Crager was intoxicated and that his driver’s license was invalid.

Selman further explained that he was patrolling on
the road that connects the bars and nightclubs in Angelina County with those in an adjoining county and that thus had a higher propensity for intoxicated
drivers.  Also, he observed Crager’s erratic driving around 3:00 a.m., a time
when traffic was known to be moving between the bars and clubs.  Finally, the
erratic driving was observed on New Year’s Eve (technically, New Year’s Day),
which further caused Selman to suspect driving while intoxicated.

Crager points to other parts of Selman’s
testimony:  that he had followed Crager a short distance before he hit the curb
and had not observed any weaving; that he observed no traffic violations by
Crager; that hitting a curb while turning is not erratic driving by itself or a
traffic violation; and that he detained Crager only for reasonable suspicion of
driving while intoxicated.

Article I, Section 9 of the Texas Constitution
prohibits unreasonable searches and seizures.  A routine traffic stop closely
resembles an investigative detention.  Berkemer v. McCarty, 468 U.S. 420, 439, 104 S.Ct. 3138, 3150, 82 L.Ed.2d 318 (1984).  An investigative detention is
a seizure.  Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim. App.
1996).   Officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable
cause to arrest.  Terry v. Ohio, 329 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20
L.Ed.2d 889 (1968).  Under Terry, a temporary investigative detention (termed
a Terry stop) is reasonable, and therefore constitutional, if:  (1) the
officer’s action was justified at the detention’s inception; and (2) the
detention was reasonably related in scope to the circumstances that justified
the interference in the first place.  Id. at 19-20, 88 S.Ct. at 1879. 
“[A]n officer conducts a lawful temporary investigative detention when the
officer has reasonable suspicion to believe that an individual is violating the
law.”  Ford v. State, 158 S.W.3d. 488, 492 (Tex. Crim. App. 2005). 
“Reasonable suspicion exists if the officer has specific, articulable facts
that, when combined with rational inferences from those facts, would lead him
to reasonably conclude that a particular person actually is, has been, or soon
will be engaged in criminal activity.”  Id.  We
give due weight, not to the officer’s inchoate and unparticularized suspicion
or “hunch,” but to the specific reasonable inferences that he is entitled to
draw from the facts in light of his experience.  See Davis v.
State, 947 S.W.2d 240, 243 n.3 (Tex. Crim. App. 1997).

We review the reasonableness of the detention from
the same perspective as the officer:  using an objective standard, we ask
whether the facts available at the moment of detention would warrant a person
of reasonable caution in the belief that the action taken was appropriate.  See
Terry, 392 U.S. at 21-22, 88 S.Ct. at 1880; Davis, 947 S.W.2d at
243.  The determination of reasonable suspicion is made by considering the
totality of the circumstances.  Ford, 158 S.W.3d at 492-93.

Based on our review of the totality of the
circumstances, in light of Selman’s experience and knowledge, we find that the
trial court was justified in determining that Selman had reasonable suspicion
to detain Crager to determine if he was driving while intoxicated.  See,
e.g., Taylor v. State, 916 S.W.2d 680, 682 (Tex. App.—Waco 1996, pet.
ref’d); Fox v. State, 900 S.W.2d 345, 347 (Tex. App.—Fort Worth 1995), pet.
dism’d improvidently granted, 930 S.W.2d 607 (Tex. Crim. App. 1996); Raffaelli
v. State, 881 S.W.2d 714, 716 (Tex. App.—Texarkana 1994, pet. ref’d).  The
trial court did not err or abuse its discretion in denying Crager’s motion to
suppress.  We overrule Crager’s first issue in each appeal.

Having overruled both of Crager’s points in each
appeal, we affirm the trial court’s judgments.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed April 11, 2007

Do
not publish

[CR25]









[1]
              Texas constitutional law on temporary detentions does not differ
from federal constitutional law.  See White v. State, 852 S.W.2d 53, 55
(Tex. App.—Texarkana 1993, no pet.).





[2]
              Crager presents no independent argument in his brief that the
stop resulting in his warrantless arrest violates Chapter 14.  Irrespective of
the failure to brief his second point (which results in its waiver), because
Selman’s detention of Crager was valid, the warrantless arrest did not violate
Chapter 14.  See Griffin v. State, 2005 WL 851092, at *5-6 (Tex. App.—Waco April 13, 2005) (mem. op.) (not designated for publication), aff’d, 2006 WL 3733248 (Tex. Crim. App. Dec. 20, 2006).  Crager’s
second point in each appeal is overruled.

 





[3]
              Crager filed motions to suppress in both cases, but a hearing was
held and a ruling was obtained only in the DWI case (No. 10-00151-CR).  The
State thus contends that, by not obtaining a ruling on his suppression motion
in the driving while license suspended case (No. 10-00150-CR), Crager has not
preserved his complaint for appellate review.  See Tex. R. App. P. 33.1(a).  Crager
contends that by overruling his motion to suppress in the DWI case, the trial
court implicitly overruled his identical motion in the other case.  See id.
33.1 (“the record must show that . . . the trial court ruled on the . . .
motion, either expressly or implicitly”).  We will assume without deciding that
Crager’s complaint in the driving while license suspended case (No.
10-00150-CR) was preserved for appellate review.