**Dennis Wayne DADE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–95–00025–CR.**

Court of Appeals of Texas, Tyler.

Feb. 28, 1997.

Discretionary Review Refused Aug. 13, 1997.

Gregg Gladden, Houston, for appellant.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

A jury found Dennis Wayne Dade ("Appellant") guilty of possession of marijuana in a quantity between five and fifty pounds and assessed his punishment at twenty years' confinement in TDCJ–ID and a $10,000.00 fine. Appellant complains on appeal that there was insufficient evidence to affirmatively link him to the contraband, that certain inadmissible evidence admitted at trial prejudiced his case, and that the State's closing argument was improper. We will affirm.

On February 1, 1994, Appellant and Willie Coleman ("Coleman") were traveling east on I–20 through Smith County, Texas. When officers stopped them for excessive speed, Coleman was driving and Appellant was a passenger in the front seat. While inquiring about registration and insurance information, the arresting officers smelled marijuana. Appellant and Coleman consented to the search of the vehicle. Appellant's bag was in the passenger seat and did not contain any contraband. An additional bag in the trunk contained two bricks of marijuana which weighed more than thirty-one pounds. On Appellant's person the officers found more than $700.00 in cash, a plane ticket from Monroe, Louisiana, to Dallas for the previous day, and a beeper.

In his first point of error, Appellant contends there was insufficient evidence for a rational trier of fact to find beyond a reasonable doubt that Appellant exercised care, custody, control and management over the contraband.[1] Specifically, Appellant argues that there was no evidence affirmatively linking Appellant to the contraband. We disagree.

The standard for reviewing the legal sufficiency of the evidence is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jones v. State*, 833 S.W.2d 118, 122 (Tex.Cr.App.1992), *cert. denied*, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993). *See also Geesa v. State*, 820 S.W.2d 154, 157 (Tex.Cr.App.1991); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex. Cr.App.1984).

In order to convict a person of an offense, the State must prove every element of the offense beyond a reasonable doubt. Tex. Penal Code Ann. § 2.01 (Vernon 1994). To prove that Appellant committed the offense of possession of marijuana, the State was required to prove that Appellant maintained care, custody, control, and management over the contraband and that Appellant knew the substance was contraband. *Villegas v. State*, 871 S.W.2d 894, 896 (Tex.App.— Houston [1st Dist.] 1994, pet. ref'd); *Brown v. State*, 663 S.W.2d 139, 141–42 (Tex.App.— Houston [1st Dist.] 1983, no pet.). Further, one or more defendants may jointly possess contraband. *Villegas*, 871 S.W.2d at 896. The State must affirmatively link Appellant to the drugs in his possession. *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Cr.App. 1995).[2] Evidence of a large amount of cash

---

1. Appellant does not question the factual sufficiency of the evidence, but merely states that the evidence is insufficient. Further, Appellant cites only the legal sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Therefore, this Court addresses Appellant's first point of error as one alleging legally insufficient evidence only.

2. Appellant vigorously argues that the State has failed to prove any affirmative links between

and a beeper can be taken by the jury as an inference that an individual is trafficking in and, therefore, in possession of contraband. *Eaglin v. State*, 872 S.W.2d 332, 337 (Tex. App.—Beaumont 1994, no pet.) (evidence that defendant had $1000.00 in cash on his person at the time of arrest allowed the jury to infer defendant was in control of contraband); *Ettipio v. State*, 794 S.W.2d 871, 874 (Tex.App.—Houston [14th Dist.] 1990, pet. dism'd) (defendant's possession of cash and a beeper at the time of arrest were evidence that defendant exercised care, custody, control and management over contraband).

■ There was sufficient evidence adduced at trial from which a rational jury could have found that Appellant maintained care, control, custody, and management over the contraband and that he knew the marijuana was contraband. At the time of the arrest, Appellant was the passenger in the vehicle.[3] The arresting officers testified that there was a strong odor of marijuana about the vehicle. There was additional testimony that Appellant had a previous arrest for a marijuana offense and would have been familiar with the smell. Appellant had a large amount of cash in his possession. He had flown from Monroe to Dallas the previous evening and was on the road back to Monroe when stopped. Appellant also was wearing a beeper at the time of his arrest. Appellant was a gas station employee and the jury could infer that he did not need a beeper in his work. We hold there was sufficient evidence and we overrule Appellant's first point of error.

In his second and fourth points of error, Appellant alleges that the trial court improp-

erly allowed evidence about Appellant's prior arrest[4] for marijuana possession because it was propensity evidence, improper character evidence, and because the evidence's probative value was substantially outweighed by its prejudicial effect. We disagree.

Sergeant Jimmy Fried ("Fried") of the Monroe City Police Department of Monroe, Louisiana testified regarding his knowledge of Appellant. Fried stated that he had worked in narcotics from 1985 to 1993. He identified Appellant and knew him to be a resident of Monroe, Louisiana. Fried came into contact with Appellant while executing a search warrant at Appellant's home in Monroe. Fried and other officers forcibly entered Appellant's home searching for marijuana and other instrumentalities used in the packaging, use, and distribution of drugs. Upon searching the residence, Fried found Appellant flushing marijuana down the commode and with marijuana on his person. The trial court allowed the evidence for the purposes set forth in Rule 404 and stated that the court had weighed the evidence and found the probative value far outweighed any prejudice.

■ A trial court is afforded broad discretion in determining both the admissibility of evidence of prior crimes and the balance of the probative and prejudicial nature of evidence. *Beasley v. State*, 838 S.W.2d 695, 702 (Tex.App.—Dallas 1992, pet. ref'd), *cert. denied*, 510 U.S. 969, 114 S.Ct. 451, 126 L.Ed.2d 384 (1993). Therefore, a reviewing court reviews the trial court's decision for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Cr.App.1991).

---

Appellant and the contraband. In support of this position, he cites several cases decided prior to the Court of Criminal Appeals' decision in *Geesa v. State*, 820 S.W.2d 154 (Tex.Cr.App.1991). Pre-*Geesa* cases required an affirmative link "so strong that it exclude[d] every other outstanding reasonable hypothesis except the defendant's guilt." *Brown v. State*, 911 S.W.2d 744, 748 (Tex.Cr.App.1995). *Geesa* eliminated the "outstanding reasonable hypothesis" standard. *Id.* Therefore, the affirmative link between a defendant and contraband is no longer required to be as strong as that in some pre-*Geesa* cases. *Id.*

3. There was no testimony identifying the owner of the vehicle. However, one of the arresting

officers testified that the vehicle did not have a permanent license plate, but bore an expired "paper tag" issued by the State of Louisiana. The driver, Coleman, did not have a driver's license, but carried an identification card which had a Dallas, Texas address. Appellant had a Louisiana driver's license.

4. Appellant states in this point of error and throughout his brief that the State introduced evidence of Appellant's "prior arrest and conviction." From a review of the statement of facts, it is apparent that the State did not introduce evidence of Appellant's conviction.

■ "All relevant evidence is admissible, except as provided by constitution, by statute, by these rules, or by other rules prescribed pursuant to statutory authority." Tex.R.Crim. Evid. 402. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tex.R.Crim. Evid. 401. However, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Tex.R.Crim. Evid. 404(a). Such evidence may be admissible for other purposes, such as proof of absence of mistake. Tex.R.Crim. Evid. 404(b). Evidence of "an extraneous offense must be shown to be relevant apart from character conformity before it may be admitted into evidence." *Alba v. State,* 905 S.W.2d 581, 585 (Tex.Cr.App.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 783, 133 L.Ed.2d 734 (1996).

■ "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." Tex.R.Crim. Evid. 403. In assessing the probative value of evidence, an appellate court must look to the strength of the proponent's other evidence and the need the proponent has for the evidence in question. *Bigby v. State,* 892 S.W.2d 864, 883 (Tex.Cr.App.1994), *cert. denied,* 515 U.S. 1162, 115 S.Ct. 2617, 132 L.Ed.2d 860 (1995). The reviewing court must also "look to see if the evidence presented would likely impress the jury 'in some irrational but nevertheless indelible way.' " *Id.* Finally, in determining the prejudicial effect of evidence, the court should consider how much time it will take to present the evidence. *Bigby,* 892 S.W.2d at 883–84.

■ The State was required to prove that Appellant knew that marijuana was contraband. Consequently, Fried's testimony was relevant to show that Appellant knew marijuana was a contraband substance. The State was further required to prove that Appellant exercised care, custody, and control over the contraband. In other words, the State had to prove that Appellant knew of the existence of the marijuana in the vehicle and exercised some control over it. The arresting officers testified that the smell of marijuana in the vehicle was very strong at the time of the arrest. Because Fried's testimony proved that Appellant was familiar with marijuana and would have known what it smelled like, Fried's testimony was relevant to prove that Appellant was aware of the presence of the marijuana in the car trunk.

Having determined that Fried's testimony was relevant to prove facts of consequence at trial, we next examine whether, as asserted by Appellant, the evidence should have been excluded pursuant to Rules 403 and 404.

■ The trial court did not abuse its discretion in admitting Fried's testimony under Rule 404(b) to show absence of mistake or accident. From the outset, Appellant argued that the marijuana was not his and that he was only a passenger in the car. The State offered Fried's testimony that Appellant was aware of the smell of marijuana in order to prove that Appellant was aware of the marijuana in the trunk and not just an innocent bystander, who was present in the car by accident or mistake. We overrule Appellant's second point of error.

■ Similarly, the trial court did not abuse its discretion by ruling that the probative value of Fried's testimony outweighed its prejudicial effect. Fried's testimony was, without question, prejudicial to Appellant. Based on Fried's testimony, the jury learned that Appellant was previously arrested for marijuana possession and attempted to destroy marijuana during the search of his home. However, the evidence was also highly probative. Fried's testimony was a critical link between Appellant and the marijuana. The pervasive smell of marijuana in the vehicle was the only evidence that Appellant knew the marijuana was in the trunk. The State had no other evidence that proved this fact of consequence. Without this evidence, the State would have been unable to prove Appellant's familiarity with the smell of marijuana and that Appellant had to have known the marijuana was present in the vehicle. Further, Fried's testimony was of shorter

duration than other witnesses, so that the sheer length of Fried's testimony did not unduly prejudice Appellant. Because of the overwhelming probative value of Fried's testimony, we conclude that the trial court did not abuse its discretion in admitting the evidence. We overrule Appellant's fourth point of error.

■ In his third point of error, Appellant alleges that the trial court committed reversible error by allowing the State to introduce Fried's testimony because the State failed to give notice pursuant to Rule 404(b). We disagree.

Prior to trial, Appellant filed a "Request for Notice of State's Intention to Introduce Evidence of Other Crimes." On its face, the "request" does not indicate that it was served upon the State. Further, the "request" moves the court to order the State to provide Appellant with notice of any 404(b) evidence. Appellant's counsel received informal notice approximately a week before trial, but the actual disclosure was filed on the day of trial. Appellant had the opportunity to examine a certified copy of Appellant's prior conviction and take Fried on *voir dire.*

■ Evidence of other crimes, wrongs, or acts may be admissible, provided, upon timely request by the accused, reasonable notice is given in advance of trial of intent to introduce such evidence. TEX. R.CRIM. EVID. 404(b). A defendant may move the court to order the State to provide such notice or request notice directly from the State. *Espinosa v. State,* 853 S.W.2d 36, 38–39 (Tex.Cr.App.1993). When a defendant relies on a motion for discovery to request notice of the State's intent to admit evidence of other crimes, wrongs, or acts, the defendant must secure a ruling on his motion to trigger the notice requirements of Rule 404(b). *Espinosa,* 853 S.W.2d at 38. When a defendant requests notice directly from the State, the defendant should serve the notice on the State. *Id.*

Appellant moved the trial court to order the State to provide notice of its intent to introduce evidence of Appellant's previous arrest. However, Appellant did not obtain a ruling on his motion. While Appellant's request might have been construed as a request that did not require the court's ruling, it does not appear from the record that Appellant ever served the State with his request. We therefore overrule Appellant's third point of error.

■ In his fifth point of error, Appellant alleges that the State's closing argument was improper because it sought to inflame the jury and discussed facts not in evidence. We disagree.

During closing argument, the Prosecutor made the following statements:

"I see 27,240 children getting high."

"He's a dealer." "Selling dope to whoever."

"Do you actually think that with between $24,800 and $31,000 in marijuana, either one of them could have that in the car without even talking about it?"

At trial, there was testimony from which the jury could infer that the two occupants of the car could not consume all of the marijuana found in the car. There was additional evidence that the marijuana found in the car would make 27,400 joints, and that a joint would make someone high.

■ The four permissible types of jury argument are: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *McKay v. State,* 707 S.W.2d 23, 26 (Tex.Cr.App.1985), *cert. denied,* 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Moranza v. State,* 913 S.W.2d 718, 730 (Tex. App.—Waco 1995, no pet. h.). "To rise to the level of reversible error, jury argument must be extreme, manifestly improper, or inject new and harmful facts into evidence when viewed in the light of the record as a whole." *McDonald v. State,* 911 S.W.2d 798, 804 (Tex.App.1995).

■ The Prosecutor's statements that Appellant was a dealer and sold dope are logical inference from the evidence that Appellant and the driver of the car could not personally consume the thirty-one pounds of marijuana in the trunk. Similarly, his statement that he saw 27,400 children getting

high was a logical inference from the evidence that the marijuana in the trunk was equivalent to 27,400 joints and that a joint would get someone high. Such statement was also a plea for law enforcement in that it urged the jury to protect children from drugs. Finally, the Prosecutor's statement that Appellant and the driver must have talked about the marijuana can be inferred from the large amount and value of the marijuana and its overwhelming smell. We overrule Appellant's fifth point of error.

The judgment of the trial court is affirmed.

RAMEY, C.J., dissents.

RAMEY, Chief Justice, dissenting.

I respectfully dissent. I do not agree that Sergeant Jimmy Fried ("Fried") of the Monroe, Louisiana police department should have been permitted to testify about an earlier episode involving Appellant when Fried found appellant flushing marijuana down a commode.

In balancing the probative value of the Fried testimony against its prejudicial nature, as sanctioned by Rule 403, the probative justification for the evidence is not clear to the writer. The "flushing" episode has no relationship to the odor of the contraband, nor does it relate to the condition of Appellant's olfactory sense at the time of flushing or later at his arrest. As to prejudice to the Appellant, the majority acknowledges that Fried's testimony, without question, was prejudicial. I concur. Fried testified about an event calculated to spawn vivid images, and the Appellant's action was the likely response of one who was experienced in disposing of contraband when confronted with the imminent presence of law enforcement personnel. The testimony of the earlier episode was prejudicial to Appellant.

The majority, however, asserts that Fried's testimony was needed by the State to prove that Appellant exercised care, custody and control over the contraband. Here, at the time of Appellant's arrest for the subject offense, he was a passenger in a vehicle and the only marijuana found in that car was located in its trunk. The arresting officer testified that marijuana could be smelled in the vehicle. It is claimed that the only link between the contraband in the car trunk and Appellant was the aroma of marijuana wafting through the automobile at the time of the arrest. I do not agree that the State's claimed "need" for the evidence justifies admission of the Fried testimony in the light of acknowledged resulting prejudice.

I would hold that the trial court abused its discretion in admitting Fried's testimony.