NO. 07-99-0487-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 27, 2000

______________________________

RONALD EUGENE JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 39757-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty and after waiving his right to a jury trial, appellant Ronald Eugene Jones was found guilty by the trial court of possession with intent to deliver a controlled substance and sentenced to fifteen years confinement and a $10,000 fine.  Presenting ten issues, appellant challenges the legal and factual sufficiency of the evidence.  Based upon the rationale expressed herein, we affirm.

During the early morning hours of August 29, 1998, Department of Public Safety Trooper Mark Miller made a routine traffic stop of a vehicle because it lacked the required white license plate light. At the time of the stop, Roberta McBride was operating the vehicle, Marvin Bean was sitting in the front passenger seat, and appellant was sitting in the rear seat.  When Trooper Miller conducted a warrants check on the occupants of the vehicle, he learned that Bean had an outstanding felony warrant for firearms violations.  When the warrant was confirmed, Bean was arrested.  Bean and appellant each gave verbal consent to search the vehicle.

Trooper Miller then conducted a search of the vehicle and discovered a duffle bag in the trunk.  Inside the bag, Trooper Miller discovered what he believed (and later confirmed) to be a brick of cocaine.
(footnote: 1)  Size 13 shoes, men’s pants with a forty-inch waist, and a forty-inch belt were found in the bag.  In addition, the Trooper found a photograph in the duffle bag, which depicted appellant and a nude female entertainer on his lap.  The photograph was inscribed  “Ron--Kisses on all your manly parts.  XTC,” dated August 29, 1998.  Additionally, $1,000 cash was found in the bag in the form of 50 twenty-dollar bills, and a subsequent search of appellant revealed an additional $568 on his person.

Presenting ten issues, appellant challenges the legal and factual sufficiency of the evidence that shows he possessed cocaine with an intent to deliver.   When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991),
 
overruled on other grounds, 
Paulson v. State, No. 829-99 (Tex.Cr.App. October 4, 2000)
.  As an appellate court, we should uphold the trial court's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988). 

After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  As an appellate court, we view all the evidence without the prism of in the light most favorable to the prosecution and
 set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust or is so against the great weight and preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.Cr.App. 2000).

Before determining whether the evidence is legally sufficient to sustain the conviction, we first review the essential elements the State was required to prove.  "A person commits an offense if the person knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance. . . ."  Tex. Health & Safety Code Ann. § 481.112 (Vernon Supp. 2000). 

To prove unlawful possession of a controlled substance, the State must show appellant exercised care, control or management over the contraband and the State must also show appellant knew the substance was a controlled substance.  Humason v. State, 728 S.W.2d 363, 365-66 (Tex.Cr. App. 1987).  Appellant's mere presence at a place where narcotics are found is not sufficient to convict him of possession in the absence of other evidence.  Moss v. State, 850 S.W.2d 788, 794 (Tex.App.--Houston [14th Dist .] 1993, pet. ref’d).  When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband. Brown v. State, 911 S.W.2d 744, 748 (Tex.Cr.App. 1995); 
Humason
, 728 S.W.2d at 366.  The State can meet this burden by introducing facts and circumstances that indicate appellant's knowledge and control of the controlled substance.  These facts and circumstances must create a reasonable inference that appellant knew of the controlled substance's existence and exercised control over it.  Dickey v. State, 693 S.W.2d 386, 389 (Tex.Cr.App. 1984).  Possession cases in which the evidence is sufficient to support a conviction affirmatively connect the appellant to the contraband by evidence that amounts to more than mere conjecture.  
Id.
  This Court must determine if the State established independent facts and circumstances to affirmatively link appellant to the cocaine. 

Here, the record shows the following affirmative links: (1) an intimate photograph of appellant with a nude female entertainer on his lap located in the same duffle bag as the cocaine, 
see
 Herrera v. State, 561 S.W.2d 175, 179 (Tex.Cr.App. 1978) (photograph served as affirmative link);  (2) testimony from Trooper Miller that the clothing in the duffle bag was of comparable size to appellant’s and which would not have fit either of the other two occupants in the vehicle, 
see
 Classe v. State, 840 S.W.2d 10, 12 (Tex.App.--Houston [1
st
 Dist.] 1992, pet. ref'd) (clothing served as affirmative link); and (3) cash found in the duffle bag and on appellant, 
see
 Dade v. State, 956 S.W.2d 75, 78 (Tex.App.--Tyler 1997, pet. ref’d) (large amount of cash served as affirmative link).  

The intent to deliver may be shown by circumstantial evidence.  Williams v. State, 902 S.W.2d 505, 507 (Tex.App.--Houston [1
st
 Dist.] 1994, pet. ref'd ).   The factors that may be considered include:  (1) the nature of the place where the defendant was arrested; (2) the quantity of controlled substance possessed by the defendant; (3) the manner of packaging; (4) the presence of drug paraphernalia; (5) the defendant's possession of a large amount of cash; and (6) the defendant's status as a drug user.  
Id.
 at 506.  Here, over 1,000 grams of cocaine was found packaged in brick form and appellant had with him a significant amount of cash.  These factors, when considered together, show that appellant had the requisite intent to deliver a controlled substance.  Therefore, the evidence is legally sufficient to show that appellant unlawfully possessed a controlled substance with the intent to deliver it, and appellant’s first five issues are overruled.

By his next five issues, appellant challenges the factual sufficiency of the evidence to support his conviction.  We note initially that the trier of fact is the sole judge of the weight and credibility of the witnesses and may believe or disbelieve any part of a witness' testimony.   Williams v. State, 692 S.W.2d 671, 676 (Tex.Cr.App. 1984).  Also, as an appellate court, we will not 
set aside the verdict unless it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust or is so against the great weight and preponderance of the evidence.  
See
 
Johnson
, 23 S.W.3d at 9.
  Here, the evidence shows that a brick of cocaine was found in a duffle bag along with cash, and clothes that would only fit appellant, as well as an intimate picture of appellant which neither of the other two passengers in the vehicle would have been likely to have in their belongings. Notwithstanding the observations by the trial court that the “job done by the department was inadequate in this case,” after reviewing all of the evidence, we cannot say that the verdict of the trial court was clearly wrong or unjust.  Therefore, we overrule appellant’s last five issues.

Accordingly, the judgment of the trial court is affirmed

Don H. Reavis

        Justice

Do not publish. 

FOOTNOTES
1:
Here, just over 1,000 grams.