11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Donald Ray Durant

Appellant

Vs.                   No.
11-01-00044-CR B Appeal from Collin County

State of Texas

Appellee

 

The jury
found appellant guilty of possessing less than 5 pounds, but more than 4 ounces
of marihuana.  The trial court assessed
appellant=s punishment at confinement for 8 years.  We affirm.

Appellant
was the owner and driver of an automobile that was stopped by a police
officer.  The officer testified that,
when he approached the passenger=s side window, he smelled a strong odor of unburned marihuana.  The officer found a plastic bag containing
marihuana under the front passenger=s seat.  The officer testified that
the passenger said the marihuana belonged to him.  The plastic bag contained 15.26 ounces of marihuana.

In three
related points of error, appellant contends that the trial court erred in
overruling his motion for an instructed verdict.  Appellant=s complaint is an attack upon the sufficiency of the evidence to
support the conviction.  McDuff v.
State, 939 S.W.2d 607, 613 (Tex.Cr.App.1997). 
It is clear from appellant=s brief that he is contending that the evidence is legally
insufficient.  In order to determine if
the evidence is legally sufficient, this court must review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  The standard of review in a circumstantial
evidence case is the same as in a direct evidence case.  King v. State, 895 S.W.2d 701, 703
(Tex.Cr.App.1995).








In cases
involving unlawful possession of a controlled substance, the State must prove
that the accused exercised care, custody, control, or management over the
substance and that the accused knew that the substance was contraband.  Brown v. State, 911 S.W.2d 744
(Tex.Cr.App.1995).  Mere presence at the
scene is not sufficient to establish unlawful possession of a controlled
substance.  Harris v. State, 994 S.W.2d
927, 933 (Tex.App. - Waco 1999, pet=n ref=d).

The court=s application paragraph in the charge
included instructions to the jury regarding appellant=s conduct both as a primary actor and as a
party responsible for an offense committed by the conduct of another
person.  See TEX. PENAL CODE ANN. '' 7.01(a) & 7.02(a) (Vernon 1994).

The
officer who stopped appellant=s car testified that, when he stopped appellant=s car at night, appellant got out of his car
and walked directly back to the officer=s car.  The officer stated that
this was unusual and that he thought that appellant had something to hide
inside appellant=s automobile.  When the officer approached the passenger=s side of the automobile, he could smell a
strong odor of unburned marihuana emanating from the open passenger=s window. 
The officer testified that he was familiar with the smell of unburned
and burned marihuana.  When the officer
asked appellant for an explanation, appellant replied that someone had been
smoking marihuana in the car during the day. 
Appellant told the officer that there was no marihuana in the car and
gave the officer consent to search the vehicle.

The
officer noticed a plastic bag sticking out from under the passenger=s seat. 
When the officer pulled the bag out and opened it, he found a clear
plastic bag containing marihuana.  The
passenger stated that the marihuana belonged to him.  No identifiable fingerprints were recovered from the plastic bag.

A second
officer arrived on the scene, and that officer also testified that he could
smell the marihuana while it was in the plastic bag in the car.  The second officer stated that he was
watching appellant and the passenger while the car was being searched and that
appellant and the passenger Akept their heads on a real nervous swivel watching@ the officer search the car.








We hold
that the evidence is legally sufficient to support the conviction of appellant
as the primary actor and as a party to the offense.  The automobile that appellant owned and was driving had a strong
odor of marihuana when it was stopped by the officer.  Appellant quickly got out of the car and met the officer as the
officer approached appellant=s automobile.  The marihuana was
in a plastic bag under the front passenger=s seat, and a portion of the plastic bag was sticking out from under
the seat.  Appellant and the passenger
appeared nervous during the search.  See
Dade v. State, 956 S.W.2d 75, 79 (Tex.App. - Tyler 1997, pet=n ref=d); Ortz v. State, 930 S.W.2d 849, 853-54 (Tex.App. - Tyler 1996, no
pet=n); Martinets v. State, 884 S.W.2d 185,
187-88 (Tex.App. - Austin 1994, no pet=n); Sendejo v. State, 841 S.W.2d 856, 859-60 (Tex.App. - Corpus Christi
1992, no pet=n). 
Also, the evidence is legally sufficient to prove that appellant acted
with intent to promote or assist in the commission of the offense by aiding or
attempting to aid the passenger in the commission of the offense.

Appellant=s three points of error complaining that the
trial court erred in overruling his motion for instructed verdict are
overruled.

The
judgment of the trial court is affirmed.

 

AUSTIN
McCLOUD

SENIOR
JUSTICE

 

October 18, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.